JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 30 1985

PATRICIA D.
CLERK OF THE PANEL

DOCKET NO. 650

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE THE COMMONS, LTD., SECURITIES LITIGATION

TRANSFER ORDER

   This litigation consists of two actions, filed in the Northern and Southern Districts of Ohio, respectively. Presently before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Ohio Citizens Bank (a defendant in both actions) to transfer the Southern District of Ohio action to the Northern District of Ohio for coordinated or consolidated pretrial proceedings with the action pending there. Plaintiffs in the Northern District of Ohio action support the motion. A law firm named in the Southern District of Ohio action supports centralization, but favors selection of the Southern District of Ohio as transferee forum. Plaintiffs in the Southern District of Ohio action and The Ohio Company (a defendant in the Northern District of Ohio action and a third party defendant in the Southern District of Ohio action) oppose transfer.

   On the basis of the papers filed,[1/] the Panel finds that these actions involve common questions of fact and that centralization under 28 U.S.C. §1407 in the Northern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise out of the sale in 1981 of $1,750,000 in notes issued by The Commons, Ltd. (Commons), a limited partnership formed for the purpose of buying an apartment complex in Sylvania, Ohio, and converting its units to condominiums for sale to the public. Each action is predicated on the contention that adverse information concerning Commons and its partners was not disclosed, in violation of the securities laws and common law, to purchasers of the notes. Moreover, overlapping class certifications have been sought in each action. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

   We are persuaded that the Northern District of Ohio is the appropriate transferee forum for this litigation. We note, _inter alia_, that: 1) most of the defendants are residents of the Northern District of Ohio; 2) most of the operative facts occurred within that district, and thus witnesses and relevant documents can be expected to be found there; and 3) apparently related state court actions are pending in state courts located within that district.

---

[1/] The parties waived oral argument and accordingly the question of transfer of these actions under Section 1407 was submitted on the briefs. Rule 14, R.P.J.P.M.L., 89 F.R.D. 273, 283-84 (1981).

-2-

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of Ohio be, and the same hereby is, transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Nicholas J. Walinski for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL

Andrew A. Caffrey
Chairman

Schedule A

MDL-650 -- In re The Commons, Ltd., Securities Litigation

### Southern District of Ohio

Ruth G. Dingledy, et al. v. Shumaker, Loop & Kendrick, et al., C.A. No. C2-85-52

### Northern District of Ohio

S. Scott Bleckner, et al. v. The Ohio Company, et al., C.A. No. C85-7027